Vertical Sys. Analysis, Inc. v Balzano (2019 NY Slip Op 03138)





Vertical Sys. Analysis, Inc. v Balzano


2019 NY Slip Op 03138


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9089 650808/17

[*1]Vertical Systems Analysis, Inc., Plaintiff-Appellant,
v
Peter J. Balzano, Defendant-Respondent.


Law Offices of Edward Weissman, New York (Edward Weissman of counsel), for appellant.
Bashwiner & Deer, LLC, New York (Joseph A. Deer of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 5, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The motion court correctly granted dismissal. Defendant established, as a matter of law, that he did not violate the parties' employment agreement including its nonsolicitation provision. Defendant, an elevator inspector, did not provide unique or extraordinary services or have access to any trade secrets or propriety information that would require the enforcement of a restrictive covenant (Harris v Patients Med., P.C., 169 AD3d 433 [1st Dept 2019]). In opposition, plaintiff failed to raise any issue of material fact. The evidence plaintiff presented to demonstrate defendant's alleged intention to violate the nonsolicitation clause was unauthenticated and unavailing. No damages as a result of defendant's actions were alleged. Plaintiff failed to demonstrate that the nonsolicitation clause was reasonable as a matter of law (BDO Seidman v Hirshberg, 93 NY2d 382, 388-389 [1999]).
With respect to the defamation claim, plaintiff failed to plead it with the required particularity (CPLR 3016[a]; Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]). Specifically, the complaint fails to state whether the utterances were verbal or written, the specific time and location at which the utterances were made and, most critically, to identify a single person who allegedly heard the offending utterances. No damages were alleged.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK